Judge Oivslet
delivered the opinion.
Stapp, holding an obligation purporting to have been executed the 7th October, 1803, bj Ward, for the conveyance of ten acres of land, exhibited his bill in equity, setting forth the obligation, and alleging the payment of the purchase money, and, after charging the failure of Ward to convey, asks of the court a decree for a specific execution of the contract, and general relief.
On its being suggested and made appear, to the satisfaction of the court, that Ward was of unsound mind, an order tvas made appointing a special guardian to defend for him.
The guardian accordingly answered the bill, alleging that he knew nothing of the contract sought to he enforced, and requiring of Stapp proof of the several allegations of his bill. He moreover charges, that if the obligation were executed by Ward, he was of undisposing mind, and insists the contract ought not to be enforced He also alleges that Stapp, for a longtime, has held the possession of the land, and asks an account to be taken, and that Stapp be compelled to make compensation for the use of the land, &c.
On a hearing, the circuit court supposing Ward to have been of unsound mind when the obligation was executed, and that the contract ought not to be specifically enforced, directed an account to be taken, charging the defendant with the amount of the price paid by Stapp for the land, with interest thereon from the time of payment; and crediting him with the amount of rents for the land while in the possession of Stapp, after deducting therefrom the improvements made by Stapp; and ordered the rents to be estimated according to their value at the time the land wa9 taken in possession by Stapp, and the improvements estimated according to their value at the time of the commissioners taking the account.
The commissioners accordingly made the estimate; and it appearing from their report that there remained a balance in favor of Stapp of three dollars and fifty cents, the court pronounced a final decree dismissing bis bill with cost, but directing a credit to be given for the balance reported in his favor, in the bill of costs
To reverse that decree Stapp appealed to this court.
Pope and Lili ell for appellants, Hoggin for appellee.
In revising the decree of the circuit court, two questions are presented for the consideration and decision of this court:
1st, As to the alleged incapacity of Ward to make the contract.
2d, As to the correctness of the principles upon which the account was directed to be taken by that court.
With respect to the first question, this court perceives no reason to differ from the circuit court. The evidence in relation to the time when Ward became of undisposing mind, is certainly not as conclusive as might be desired; hut from an attentive and careful examination of all the depositions contained in the record, we apprehend he was not of disposing memory when the obligation was executed and the contract made. The witnesses all concur in opinion, that he was of unsound mind in 1804; and although some of them suppose he became so in that year, others,, whose evidence is entitled to more weight from the circumstance of their possessing better opportunities of knowing, speak confidently of his betng deranged in bis mind prior to the date of the contract.
As to the second question, we also concur in opinion with the circuit court. If Ward was of undisposing mind at the date of the contract, it is perfectly clear that the obligation can have conferred upon Stapp no right, either legal or equitable, to the land in contest. His possession, therefore, must have been acquired without competent authority, and as the occupier of lands belonging to another, laboring under mental incapacity, ought to account for rents from the time possession was obtained. And it was no doubt proper to apply in extinguishment of those rents, the value of the improvements made by Stapp upon the land; but as no rent is allowed upon those improvements, he certainly has no cause to complain of the improvements being estimated according to their value at the time of taking the account. It was also proper to charge Ward, not only with the price received by him for the land, but likewise with interest thereon from the time of payment; for having beets allowed rent for the land for which the price was given, reciprocal justice requires that he should account for interest.
The decree must be affirmed with costs.